## Schiavoni v. MacAdam

*Joel Friedman,* for plaintiffs.

*Ralph B. D'Iorio,* for defendant.

BLOOM, J., June 3, 1970.—This matter comes before the court on plaintiffs' motion for sanctions by reason of the failure of defendant to answer plaintiffs' interrogatories nos. 18 and 19 which relate to the refusal of defendant to disclose whether or not there are in existence any photographs of defendant's automobile in its damaged condition prior to repairs, and, if there are any such photographs, to give the name and address of the photographer, the present whereabouts of the photographs and to exhibit them to plaintiffs.

Defendant's refusal to answer the interrogatories is based upon Pa. R. C. P. 4011(d), contending that he is not required to answer the interrogatories with reference to photographs as this information was secured by plaintiffs in anticipation of litigation and in preparation for trial.

The within suit is an action to recover damages for personal injuries sustained by minor plaintiff in an accident occurring on April 8, 1968. On that date, minor plaintiff was operating a bicycle east on Eagle Road toward Lawrence Road when defendant, in the process of making a left-hand turn, collided with plaintiff and his bicycle causing severe personal injuries, including a fracture of the left femur, cerebral concussion and other physical and emotional injury requiring numerous operations and two periods of hospitalization. The complaint alleges special medical damages of almost $6,000.

Defendant, in answer to interrogatories propounded by plaintiffs, advised plaintiffs that she was the owner of a 1968 Chevrolet purchased from the Crest Chev-

rolet Company in Drexel Hill, and gave to plaintiffs the serial number of the car and the mileage traveled at the time of the accident. Defendant also answered interrogatories that on April 22nd, four days after the accident, the car had been repaired by the Crest Chevrolet Company and that the repairs were made to the right rear fender and to the rear bumper, and the cost of repairs was $113. Defendant also advised plaintiffs in response to interrogatory no. 9 that one or more representatives of the Haverford Township police force were on the scene after the happening of the accident. The police report dated April 18, 1968, is signed in the names of Officers J. Loucherbie and J. Trans. In addition, a young man on the scene assisted in disengaging plaintiff's bicycle from the point at which it was caught between the bumper and the fender at the right rear corner of defendant's automobile. The identity of the young man who rendered this assistance is not at this time known to defendant.

Plaintiffs, in their brief, concede that the photographs or other material secured in anticipation of litigation are not proper subject of discovery, but contend in the instant case the instrumentality has been changed through the act of defendant, fundamental fairness requires the disclosure of the photographic evidence of defendant's vehicle in its damaged condition. We do not agree with this contention. We do not feel that the purpose of rule 4011(d) was to impose a duty on a party to gather information at his time and expense and then be required to turn that information over to the adversary in order that he may prepare his case.

Plaintiff has had the benefit of defendant's sworn averments as to the details of the happening of the accident. Prior to the oral depositions of defendant and minor plaintiff on September 25, 1969, defendant filed her sworn answers to an extensive set of written

interrogatories propounded by plaintiffs. In her answers, defendant stated that after the accident, plaintiff's bicycle was caught between the bumper and the fender at the right rear corner of defendant's automobile. Defendant further described the accident as having happened when plaintiff ran into the right rear corner of her car after she had completed a left-hand turn from Eagle into Hillcrest Avenue.

At the depositions of September 25th, the minor plaintiff identified two companions who were riding with him at the time of the accident. Counsel for defendant has indicated to the attorney for plaintiffs his desire and intention to take the deposition of the two companions and presently awaits a reply to his letter of October 16, 1969, asking that he be advised as to the addresses of the two young men. Defendant respectfully contends that she has the right to reserve any photograph or photographs of her vehicle in its damaged condition after accident for use at trial. Also that the existence of any such photograph or photographs may serve as a check or caution on the deposition or trial testimony of the two companions, or other possible witnesses for plaintiffs who are as yet unidentified, which might tend to put the point of impact on defendant's vehicle elsewhere than has been described by defendant. We do not feel that the failure to produce photographs at this time will result in an injustice to plaintiffs in the preparation of their case.

We, therefore, hold that defendant is not required to answer interrogatories nos. 18 and 19.

In accordance with the foregoing views, we enter the following.

## ORDER

And now, June 3, 1970, plaintiffs' motion for sanctions is hereby refused.